IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DARYL BAPTISTE,<br><br>                             Plaintiff<br>      VS.<br><br>CHARLIE HARPER, *et al.*,<br><br>                            Defendants | NO. 5:07-CV-246 (CAR)<br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

# ORDER AND RECOMMENDATION

Plaintiff DARYL BAPTISTE, an inmate at Macon State Prison ("MSP"), filed this complaint on June 25, 2007, making various allegations, including that he feared for his safety – at the hands of both other inmates and the staff — at MSP where he had been labeled as a "snitch." After conducting a frivolity review, the court found that plaintiff Baptiste was subject to the "three strikes" provision of the Prison Litigation Reform Act, which mandates that

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

Even though the court found that he was subject to the "three strikes" provision of the PLRA, the undersigned granted Baptiste's motion to proceed IFP on the basis that he had alleged a sufficient threat of imminent danger. However, the court directed the defendants to provide a Special Report in order to determine the legitimacy and severity of any danger the plaintiff was in. *See* Tab #5. The defendants complied and filed a Special Report which they requested the court to consider as a Motion for Summary Judgment. Tab #7.

Upon review of the filings before the court, including the defendants' Special Report and the plaintiff's response thereto, it is apparent that Baptiste is *not* in any imminent danger: He has not ever requested to be put in protective custody which would be the first step for a prisoner to take if he felt that he were in serious danger, and the defendants have provided evidence that Baptiste has been interacting with the general prison population without incident for the last few months.

Accordingly, the order granting *in forma pauperis* status to the plaintiff (Tab #5) is hereby **VACATED** and IT IS RECOMMENDED that the instant action be **DISMISSED WITHOUT PREJUDICE.** *See **Dupree v. Palmer***, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of §1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."). If plaintiff wishes to bring a new civil rights action, he may do so by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the complaint.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO ORDERED AND RECOMMENDED this 17th day of OCTOBER, 2007.



      CLAUDE W. HICKS, JR.
      UNITED STATES MAGISTRATE JUDGE